UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDERRAHIM BELQASIM,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>LAURA HERMOSILLO et al.,<br><br>　　　　　　　　Respondents. | CASE NO. 2:25-cv-01282-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

    This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 17. Judge Fricke recommends that the Court order the Government to hold a bond hearing to occur within seven calendar days of an order adopting her R&R. *Id.* at 28.

    The Court generally reviews findings and recommendations de novo "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Here, the Government objects only to Judge Fricke's recommendation that the Government be required to hold a bond hearing within seven calendar days. Dkt. No. 18 at 1. The Government requests a 14-day deadline instead because "the immigration court has had difficulty obtaining an

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

appropriate interpreter in the specific language and dialect spoken by Petitioner," and "a 14-day time frame is consistent with what a court in this District recently issued order in a habeas case presenting similar interpreter issues as here." *Id.* at 1–2 (citing *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025)). However, the petitioner in *Cardozo* requested a bond hearing within 14 days. *See* 2025 WL 2592275, at *2. Regardless, even if "courts in this district typically require that bond hearings ordered as part of a conditional writ of habeas corpus occur within 14 to 30 days," *id.*, the Government does not state that it is unable to obtain an interpreter within seven days, s*ee generally* Dkt. No. 18 (noting only that the immigration court has had "difficulty" obtaining an interpreter who speaks Mr. Belqasim's language and dialect). Moreover, as Mr. Belqasim notes in his response to the objections, Dkt. No. 20 at 1–2, the Government has already had more than 14 days to secure an interpreter because the R&R was issued on October 28, 2025, Dkt. No. 17.

Accordingly, the Court ADOPTS the R&R, Dkt. No. 17, DENIES the Government's motion to dismiss, Dkt. No. 8, and GRANTS Mr. Belqasim's petition for a writ of habeas corpus, Dkt. No. 1, as follows:

1. Mr. Belqasim's ongoing detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution;

2. The Government must hold a bond hearing for Mr. Belqasim to occur within seven calendar days of this Order;

3. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011): there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Mr. Belqasim is a flight risk or danger to the community; and

4. The Immigration Judge shall allow Mr. Belqasim to present evidence at the bond hearing of financial circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight.

Dated this 13th day of November, 2025.

*Lauren King*

Lauren King
United States District Judge