UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDERRAHIM BELQASIM, | CASE NO. 2:25-cv-01282-LK |
| Petitioner, | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES |
| v. | |
| LAURA HERMOSILLO et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner Abderrahim Belqasim's Motion for Fees and Costs under the Equal Access to Justice Act ("EAJA"). Dkt. No. 27. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I.    BACKGROUND

In November 2025, the Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke, Dkt. No. 17, denied the Government's motion to dismiss, Dkt. No. 8, and granted Belqasim's petition for a writ of habeas corpus, Dkt. No. 1. Dkt. No. 21 at 2 (requiring a bond hearing within seven days).

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES - 1

## II. DISCUSSION

### A. Legal Standard

"[I]n an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

The government bears the burden of showing that its position was substantially justified. *Medina Tovar*, 41 F.4th at 1089. To meet this burden, the government must show that its position was "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The Court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.*

The attorney hourly fee award shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). When a court rules on a motion for attorney's fees, the court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES - 2

**B.    Findings of Fact**

1.    In its prior order, the Court adopted the facts as set forth in the R&R, Dkt. No. 17. Dkt. No. 21 at 2. The Court finds the same facts here.

2.    The Court found that Belqasim's ongoing detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violated the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.*

3.    The Court ordered the Government to hold a bond hearing for Belqasim within seven calendar days of the Court's order. *Id.*

4.    The Government appealed the judgment in this case. Dkt. No. 23.

5.    The Government did not file an opening brief, and the Ninth Circuit thus dismissed the appeal on March 18, 2026. Dkt. No. 25.

6.    Belqasim is represented by the Northwest Immigrant Rights Project ("NWIRP"), which is "a nonprofit legal services organization focused on providing direct representation to low-income immigrants in immigration proceedings[.]" Dkt. No. 28 at 1.

7.    Belqasim filed this motion for an award of fees on April 17, 2026, seeking an award of $9,633.55 in attorney's fees under the EAJA, with an hourly attorney rate of $258.46 and an hourly paralegal rate of $255. Dkt. No. 27 at 11 & nn.3–4.

8.    In the Ninth Circuit, the applicable statutory EAJA rate, adjusted for cost of living, is $258.46 for work performed in 2025. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited June 16, 2026).

9.    Belqasim also seeks reimbursement of his $5 filing fee, Dkt. No. 27 at 11, which NWIRP paid on his behalf, Dkt. No. 28 at 2; Dkt. No. 28-1 at 2.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES - 3

10. Belqasim's retainer agreement with NWIRP includes a provision stating, "I assign all fees to NWIRP, and agree that all fees and costs incurred by NWIRP that are awarded . . . may be paid to NWIRP." Dkt. No. 31 at 2.

11. The Government stated in its response to this motion that the "Federal Respondents do not oppose Petitioner's request for an award of attorneys' fees in an amount determined to be appropriate by the Court but not to exceed the amount requested by Petitioner in his motion ($9,638.55)." Dkt. No. 29 at 1.

**C.    Conclusions of Law**

1. Belqasim is the prevailing party. 28 U.S.C. § 2412(d)(1)(A).

2. Belqasim's motion for attorney's fees was timely filed. *Id.* §§§ 2412(d)(1)(B), 2412(d)(2)(G).

3. Respondents' position was not substantially justified. The Government identifies no evidence or facts to meet its burden to show that its position was substantially justified. *See generally* Dkt. No. 29. Additionally, Respondents did not substantively oppose Belqasim's motion, conceding that the motion has merit. *See* LCR 7(b)(2).[1]

4. "[N]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point— violate the right to due process." *Maliwat v. Scott*, No. C25-788, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (quoting *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (collecting cases)).

---

[1] In their response, Respondents "request proof of the actual assignment to NWIRP of Petitioner's right to receive the EAJA fee award, signed by Petitioner." Dkt. No. 29 at 2 n.2. Otherwise, they "ask that the payment be directed to Petitioner to ensure that Federal Respondents do not violate Petitioner's right to payment and incur potential liability for paying the award to someone other than Petitioner." *Id.* In response, NWIRP filed an excerpt of the retainer agreement in a declaration from counsel signed under penalty of perjury. Dkt. No. 31 at 1–2. The Court finds counsel's representation sufficient to demonstrate the assignment for purposes of this motion.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES - 4

5.      Courts in this District have adopted the six-factor *Banda* test to determine when prolonged detention under 8 U.S.C. § 1225(b) violates due process and whether a bond hearing must be provided. *See, e.g.*, *Maliwat*, 2025 WL 2256711, at *3–4; *Hong v. Mayorkas*, No. 20-CV-01784-LK, 2022 WL 1078627, at *3–7 (W.D. Wash. Apr. 11, 2022).

6.      Respondents took the position that the factor regarding delays in removal proceedings "should favor Federal Respondents," Dkt No. 8 at 7, even though there was substantial evidence in the record of delays caused by (1) the Government's "failure to locate a proper interpreter for petitioner," despite being aware of the language and dialect Belqasim spoke, and (2) its failure "to provide a mechanism for [him] to pay the required filing fee" for his application for asylum, Dkt. No. 17 at 20. Moreover, Respondents' litigation position was that the matter should be dismissed without a bond hearing, Dkt. No. 8, even though five of the six *Banda* factors weighed in favor of granting Belqasim a bond hearing, and one of the factors was neutral, Dkt. No. 17 at 14–22.

7.      Based on the record before the Court, the Court finds that Respondents' position was not substantially justified, and there are no other special circumstances that would make an award of fees under the EAJA unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

8.      The cost of the filing fee Belqasim seeks is reasonable and in compliance with the EAJA. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(A).

9.      Other than the paralegal fees, discussed below, the attorney's fees Belqasim seeks are reasonable and in compliance with the EAJA. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(A).

10.     Belqasim provides support through the Ninth Circuit's website that the requested hourly rate of $258.46 per hour reflects the applicable statutory rate, adjusted for inflation, for work performed in 2025. Dkt. No. 27 at 11 n.3 (citing United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act). The Court finds that the hourly

rate should be adjusted for an increase in the cost of living, as reflected on the Ninth Circuit's website, and that the increased hourly rate is reasonable for this single petitioner case and the issues involved in it.

11. The Court finds that the hourly rate of $255 for NWIRP paralegal Sydney Maltese is not adequately supported. The Court may award EAJA fees for paralegal time at "prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Belqasim relies on the Fitzpatrick Matrix to establish an hourly market rate of $255 for work performed in 2025, Dkt. No. 27 at 11 n.4, but the Court does not find that matrix persuasive here because the U.S. Attorney's Office in the District of Columbia uses it "[t]o assist with determining reasonable attorney's fees for complex federal litigation in the District of Columbia[.]" U.S. Attorney's Office, District of Columbia, *The Fitzpatrick Matrix*, https://www.justice.gov/usao-dc/civil-division (last visited June 10, 2026). This case was not complex, nor was it litigated in the District of Columbia. The Court also finds little reason in this case why the hourly paralegal rate should be only a few dollars less than the Ninth Circuit's hourly attorney rate. The Court finds that an hourly rate of $236 is reasonable for this single petitioner case and the issues involved in it and consistent with the market rate based on similar recent cases in this district. *See Y.M.M. v. Wamsley*, No. 2:25-cv-02075-TMC, 2026 WL 809581, at *2 (W.D. Wash. Mar. 24, 2026) (collecting cases).

12. The hours billed for Maltese's time are not reasonable. Her time entries include some tasks that are clerical in nature. Dkt. No. 28-1 at 4 (listing time for communicating with the Court about an unidentified issue, filing documents, checking postal service tracking information, and printing documents). The time spent finalizing court filings and drafting the civil cover sheet and notice of related cases is reasonable. *Rli Ins. Co. v. Polished 3 LLC*, No. 2:21-CV-691-BJR, 2022 WL 1450015, at *2 (W.D. Wash. May 9, 2022) ("finalizing" court filings "is legal in nature

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES - 6

and generally requires legal knowledge to perform correctly"). However, the time spent on clerical tasks including e-filing, printing, proofreading, and preparing and serving summons is not reasonable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Neil v. Comm'r of Social Sec.*, 495 Fed. Appx. 845, 847 (9th Cir. 2012) (finding that "the district court did not abuse its discretion in declining to award [plaintiff] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); *Y.M.M.*, 2026 WL 809581, at *2 (excluding time spent on clerical tasks); *Johnson v. Comm'r of Social Sec.*, No. 2:24-cv-01156-EJY, 2025 WL 1517948, at *2 (May 27, 2025) (explaining that clerical tasks include reviewing, proofreading, and filing documents).

13.    Maltese's time entries are block billed. Dkt. No. 28-1 at 4. The Ninth Circuit has "recognized that attorneys' fees awards can be reduced where a party block bills 'because block billing makes it more difficult to determine how much time was spent on particular activities.'" *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 245 (9th Cir. 2021) (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)). The hour entries should be "sufficiently detailed to allow a meaningful review of the reasonableness of the requested hours," and if the entries instead "make[] it impossible to evaluate the reasonableness of the time," "[t]he time requested should be reduced[.]" *De Jesus Ortega Melendres v. Arpaio*, No. 13-16285, 2017 WL 10808812, at *7 (9th Cir. Mar. 2, 2017). In light of the block billing and exclusion of most the time Maltese spent because it was on clerical tasks, the Court finds that a reasonable number of hours expended by Maltese was two rather than the eight hours billed. Dkt. No. 28-1 at 4.

14.    A reasonable total for Maltese's time is $472 (two hours x $236).

15.    The Court therefore awards Belqasim $8,065.55 in attorney's fees.

16.    The Court awards Belqasim $5 in costs for the filing fee.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Belqasim's motion for attorney's fees. Dkt. No. 27. The Court awards Belqasim $8,065.55 in attorney's fees, and $5 in costs.

Dated this 17th day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EAJA FEES - 8